*McHenry & Hill, for appellants.*

---

GEORGE BOHEIM *v.* M. HUNTZIKER.

[Abstract Kentucky Law Reporter, Vol. 1—61.]

**Suit to Set Aside Conveyance.**

Where a conveyance is not shown to have been made for a pre-existing debt, but the consideration seems to have been for cash, it will not be set aside at the instance of creditors.

APPEAL FROM LOUISVILLE CHANCERY COURT.

June 3, 1880.

OPINION BY JUDGE COFER:

In whatever aspect the appellant's claim may be considered we think he has failed to manifest a right to subject the property in question.

There is no foundation laid in the pleadings, nor is there any evidence upon which the sale of the lot to appellee could be brought within the provisions of Art. 2, Chap. 44, Gen. Stat.

It is not alleged that the consideration for the conveyance, or any part of it, was an antecedent debt due to the grantee or to any one else. The allegation is that Mrs. Boheim was indebted in some small sum to her father, and in another small sum to her brother; that, while she had not more than enough property to pay her funeral expenses, for a pretended consideration of $800, said to be paid in cash, she made and delivered a deed of sale of the lot. It is not alleged, and cannot be safely inferred from anything that is alleged, that the two small debts referred to were the consideration or even a part of the consideration for the conveyance. The only language used which in any way tends to impeach the consideration or the legality of the deed is the expression "pretended consideration", which is not sufficient. But if it were there is no evidence to show that the alleged indebtedness to her father and brother constituted any part of the consideration for the conveyance.

No doubt the will made the testator's debts a charge upon his estate. But that is not enough to entitle the appellant to subject it in the hands of the appellee to the payment of his debt. The appellee has a deed, and neither its consideration nor the bona fides of the transaction have been impeached. The appellants rely alone upon the lien created by the will, the alleged knowledge of the grantee of the existence of his debt, and a misappropriation of the purchase-money by receiving the conveyance in satisfaction of the individual indebtedness of Mrs. Boheim.

It is denied in the answer that the grantee had any knowledge of the existence of the debts, and there is no evidence that he had, and it is not shown that he participated in any misappropriation of the purchase-money, for, as already suggested, there is no evidence that the conveyance was made in consideration of her individual indebtedness. As without such notice or participation in the misappropriation of the purchase-money the land cannot be subjected in his

hands, the appellant must fail on this point also. Sec. 22, Chap. 113, Gen Stat.

Wherefore the judgment is *affirmed.*

*L. W. Dembitz, for appellant. M. A. & D. A. Sachs, for appellee.*